ORIGINAL

# In the United States Court of Federal Claims

No. 17-64C
(Filed: August 24, 2017)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
I. GRIFFIN, on behalf of herself as well as   *
next of friend for minor child BOY DOE,       *
                                              *
            Plaintiff,                        *
                                              *
      v.                                      *
                                              *
THE UNITED STATES,                            *
                                              *
            Defendant.                        *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**FILED**

AUG 2 4 2017

U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

   This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

   Plaintiff pro se I. Griffin is a resident of Wisconsin. Plaintiff states that she suffered severe injuries as a child as the result of being struck by a car and that she continues to suffer from various impairments stemming from these injuries. Compl. 5. Plaintiff states that she cannot maintain any given posture for a long period of time, that she has difficulty walking, and that "there is no medical possibility of improvement." Id. Plaintiff claims that because of her impairments she cannot work for longer than 3.5 hours per day, and that she was "under a disability" as defined by the Social Security Administration ("SSA") prior to age 24 and between the ages of 24 and 31. Id. at 5-6. Plaintiff claims that SSA has failed to make a determination on her 2008 application for adult benefits for eight years and has incorrectly calculated her "quarters of credits," by failing to include earnings from brief periods when she was able to work as a teenager and young adult, thereby denying Plaintiff "the maximum benefit" to which she is entitled. Id. at 6.

---

[1]    This background is derived from Plaintiff's complaint.

7017 1450 0000 1346 2984

Plaintiff also brings suit on behalf of her minor son, "Boy Doe," whom she claims is disabled as the result of cardiovascular disorders. Id. Plaintiff alleges that SSA has repeatedly denied Boy Doe's applications for disability benefits in retaliation for Plaintiff's complaints to SSA about the denial of her benefits. Id. at 6-8.

Plaintiff seeks interest on the payments that have been withheld from her, civil penalties for violation of the False Claims Act and for kickbacks, investigations into "improper denials of insured status . . . [and] payments," and "federaliza[tion]" of Boy Doe's application. Id. at 23.

### Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

In addition to invoking the Court's Tucker Act jurisdiction, Plaintiff also appears to invoke the Administrative Procedure Act ("APA") as a basis for this Court's jurisdiction. However, this Court does not have jurisdiction over claims brought pursuant to the APA. 5 U.S.C. §§ 701-06 (2016); Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997).

Plaintiff names as defendants former Acting Social Security Commissioner Carolyn W. Colvin, Regional Social Security Commissioner (Chicago) Phyllis Smith, and SSA employees Ms. Marcoux, Ms. Jobman, and "Nicole," who Plaintiff alleges work in an SSA office in Wisconsin.

The only proper defendant in this Court is the United States. <u>United States v. Sherwood</u>, 312 U.S. 584, 588 (1941); <u>Berdick v. United States</u>, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiff alleges claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims.

The gravamen of Plaintiff's complaint is her challenge to SSA's denial of Social Security benefits for Plaintiff and Boy Doe. This Court does not have the authority over claims arising under the Social Security Act. <u>Howell v. United States</u>, 127 Fed. Cl. 775, 788 (2016). Claims brought pursuant to the Social Security Act must be brought in the district court, after a final decision has been made by the Commissioner of Social Security. 42 U.S.C. § 405(g) (2016). This Court is not a district court, and Plaintiff has not shown that she has received a final decision by the Commissioner of Social Security. <u>Sharpe v. United States</u>, 112 Fed. Cl. 468, 476 (2013).

Plaintiff invokes the False Claims Act as a basis for jurisdiction in this Court. The False Claims Act, 31 U.S.C. §§ 3729 <u>et. seq.</u>, imposes civil penalties and treble damages on those who have knowingly submitted false or fraudulent claims to the Government, and allows private individuals, known as relators, to bring a <u>qui tam</u> action on behalf of the Government when the relator possesses information that a false or fraudulent claim has been submitted. <u>Capelouto v. United States</u>, 99 Fed. Cl. 682, 690 (2011). Jurisdiction over <u>qui tam</u> actions lies exclusively in the district courts. <u>See id.</u> at § 3732(a) ("Any action under section 3730 may be brought in any judicial district in which the defendant . . . [is] found, resides, [or] transacts business . . . ."); <u>see also LeBlanc v. United States</u>, 50 F.3d 1025, 1031 (Fed. Cir. 1995) (finding that <u>qui tam</u> suits "may only be heard in the district courts"); <u>Schweitzer v. United States</u>, 82 Fed. Cl. 592, 595-96 (2008).

Plaintiff invokes a number of criminal statutes as bases for jurisdiction in this Court, 18 U.S.C. §§ 242 ("Deprivation of rights under color of law"), 245 ("Federally protected activities"), 1346 ("Definition of 'scheme or artifice to defraud'"), 1841 ("Protection of unborn children"), 1916 ("Unauthorized employment and disposition of lapsed appropriation"), and 2384 ("Seditious conspiracy"), 42 U.S.C. § 1320a-7b(b) ("Criminal penalties for acts involving Federal health care programs"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), but these provisions do not provide a basis for jurisdiction in this Court. Jurisdiction over RICO claims is vested exclusively in the district courts, and this Court does not possess jurisdiction over general criminal matters. <u>Joshua v. United States</u>, 17 F.3d 378, 379 (Fed. Cir. 1994) (stating that this Court does not have jurisdiction over criminal matters); <u>Dumont v. United States</u>, 85 Fed. Cl. 425, 430 (2009) (finding that this Court "does not exercise jurisdiction over criminal claims, including those arising under the RICO Act").

Plaintiff also invokes 28 U.S.C. § 1331 and 42 U.S.C. § 2000a-3 as bases for jurisdiction in this Court. Section 1331 of Title 28 governs federal question jurisdiction in the district courts, but this Court is not a district court and does not have the authority to hear claims arising under federal question jurisdiction. <u>Proxtronics Dosimetry, LLC v. United States</u>, 128 Fed. Cl. 656, 673 (2016). Section 2000a-3 of Title 42, "Civil actions for injunctive relief," governs civil actions to remedy discrimination in places of public accommodation, but jurisdiction over these actions is vested exclusively in the district courts. 42 U.S.C. § 2000a-6 (2016).

Finally, Plaintiff alleges a number of torts, such as fraud and negligence, as well as a violation of her Fifth Amendment Due Process rights. This Court lacks jurisdiction over claims

sounding in tort and over claims for due process violations. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); LeBlanc, 50 F.3d at 1028.

Plaintiff seeks injunctive and declaratory relief in addition to damages. This Court has limited power to grant equitable relief in bid protests, certain tax cases, and in situations where such relief is an "incident of and collateral to" a monetary judgment. 28 U.S.C. § 1491(a)(2); 26 U.S.C. § 7428; Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003). As none of these conditions are met, this Court cannot grant Plaintiff's requested injunctive relief. Plaintiff also appears to request attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, however as Plaintiff is not a prevailing party in this litigation, Plaintiff cannot recover under this provision.

### Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.


**MARY ELLEN COSTER WILLIAMS**
**Judge**

4